Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | SHARON JOHNSON COLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5884 | **DATE** | 09/21/2010 |
| **CASE TITLE** | Cesar Becerra (#2009-0026617) vs. Mr. Mauresse | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court authorizes and orders Cook County Jail officials to deduct $14.17 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, summonses shall not issue at this time. The complaint on file is dismissed without prejudice. The plaintiff is granted thirty days to submit an amended complaint (plus a judge's copy and service copies). The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions. Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case in its entirety.

■ [**For further details see text below.**]     **Docketing to mail notices.**

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendant, the superintendent of the plaintiff's housing division at the jail, has violated the plaintiff's constitutional rights by acting with deliberate indifference to his safety. More specifically, the plaintiff alleges that he has been placed in segregation on multiple occasions despite court orders directing that he remain in protective custody; the plaintiff additionally contends that fellow inmates have threatened him and thrown bodily waste at him during his stints in the segregation unit, and that he has been denied medical care for his injuries.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $14.17. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account.
**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

However, the plaintiff must submit an amended complaint, as the pleading on file does not satisfy the basic requirements of Fed. R. Civ. P. 8(a) and 11(a). Because the plaintiff failed to submit the last page of his complaint, he has neither included a request for any remedy, nor signed the complaint. A complaint must include a demand for the relief sought, *see* Fed. R. Civ. P. 8(a)(3); in addition, every document filed with the court must be signed. *See* Fed. R. Civ. P. 11(a).

The plaintiff may wish to conduct some basic legal research before drafting his amended complaint. The Constitution imposes on jail officials a duty to "take reasonable measures to guarantee the safety of the inmates and to protect them from harm at the hands of others." *Boyce v. Moore*, 314 F.3d 884, 889 (7th Cir. 2002) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994)). Nevertheless, the county "has legitimate interests that stem from its need to manage the facility in which the individual is detained." *Rapier v. Harris*, 172 F.3d 999, 1003 (7th Cir. 1999), *quoting Bell v. Wolfish*, 441 U.S. 520, 540 (1979). Thus, a pretrial detainee may be punished for misconduct that occurs while he is awaiting trial in a pretrial confinement status (assuming, of course, that he is afforded due process in jail disciplinary proceedings). Consequently, although the plaintiff may have a federal cause of action if correctional officials have acted with deliberate indifference to a substantial risk of serious harm, he has no viable cause of action with regard to a legitimate disciplinary measure.

The plaintiff should also name each individual responsible for the alleged violations of his constitutional rights. It is unclear whether the sole named defendant is the superintendent of the plaintiff's housing unit in the general population or the superintendent of the segregation unit. It strikes the court that the segregation unit superintendent is the more appropriate defendant since the plaintiff is challenging safety and conditions there. In addition, the plaintiff must name as defendants those officers or health care providers who personally and directly denied him needed medical attention (or access to medical care). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001).

For the foregoing reasons, the court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit an amended complaint, mindful of the above guidelines. The plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. **As with every document filed with the court, the plaintiff must provide an extra copy for the (CONTINUED)**

| STATEMENT (continued) |
|---|

**judge; he must also submit a sufficient number of copies for service on each defendant named in the amended complaint**.

The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

The clerk will provide the plaintiff with an amended complaint form and instructions. If the plaintiff fails to comply within thirty days, the case will be summarily dismissed, on the understanding that the plaintiff does not wish to pursue his claims in federal court at this time.